UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY H. LEE,

        Petitioner,

v.

UNITED STATES OF AMERICA and
U.S. MARSHALS SERVICE,
EASTERN DISTRICT OF WISCONSIN,

        Respondents.

Case No. 24-C-1650
Criminal Case No. 18-cr-92

## SCREENING ORDER

On February 6, 2019, after entering a plea of guilty, Petitioner Anthony Lee was sentenced to one count of possession of a firearm by a felon and sentenced to sixty months in the custody of the Bureau of Prisons (BOP) and three years of supervised release. Judgment was entered the same day. On December 23, 2024, Petitioner filed this action styled as a petition for writ of habeas corpus under 28 U.S.C. § 2255 against Respondents United States of America and U.S. Marshals Service, Eastern District of Wisconsin. Pursuant to Rule 4 of the Rules Governing § 2255 Cases, the court must give the case prompt initial examination:

> If it appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2255 Proceedings.

Petitioner asserts that his release date from the 60-month sentence imposed by the court was June 21, 2023. He was placed in a Milwaukee halfway house for the last few months of his

sentence. He apparently walked away from the halfway house, however, and proceeded to commit a series of new crimes. According to the Wisconsin Circuit Court Access website, Lee was convicted of arson and disorderly conduct, with two counts of second degree recklessly endangering safety read in, on October 18, 2023, in Case No. 2023CF001132 and sentenced to two years in the Wisconsin State Prisons. A consecutive three-year sentence was imposed the same day in Case No. 2023CF001601 for intimidation of a witness. Lee is currently serving his state sentences at Stanley Correctional Institution.

In the meantime, the United States Marshal for the Eastern District of Wisconsin has filed a detainer based on a federal arrest warrant for the crime of escape from a residential reentry center. Lee complains that the detainer prevents him from participating in programming in the State facility and adversely affects his security classification. Lee believes that the detainer is based on the remaining three months of the sentence this court imposed in this case. This is apparently because the detainer lists the case number for his case and there is no record of an escape charge pending against Lee in this district. Dkt. No. 1-1. Lee claims that the State of Wisconsin improperly applied the "primary jurisdiction doctrine" when it took him out of BOP custody and never returned him to finish his federal sentence. He argues that he should have been allowed to complete his federal sentence before he began serving his state sentences or that his federal sentence should run concurrent to his state sentences. Lee requests in his petition that he be sentenced to time served, that he be taken to a federal holding center to finish serving his federal sentence, that his detainer be lifted, or that the BOP designate Stanley Correctional Institution as his nunc pro tunc to serve the rest of his federal sentence.

Lee is not entitled to relief under § 2255. Section 2255 applies only to "a prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground

that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Lee is not in federal custody; he is currently serving a state sentence at a state prison. Nor does Lee assert that the sentence this court imposed was in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack. Instead, Lee's complaint is that the detainer placed on him by the U.S. Marshal to make sure he completes his federal sentence is interfering with his access to programming and a lower security classification in State prison. But that is a consequence of Lee's own behavior. He chose to commit additional crimes while completing his federal sentence in a residential reentry center or halfway house.

Unauthorized departure from a residential reentry center is an escape in violation of 18 U.S.C. § 751(a). The general rule is that escape tolls the running of a sentence. *United States v. Luck*, 664 F.2d 311, 312 (D.C. Cir. 1981) ("It is well established that when the service of a sentence is interrupted by conduct of the defendant the time spent out of custody on his sentence is not counted as time served thereon."). Thus, Lee is not entitled to credit on his federal sentence for his period of incarceration in a Wisconsin prison for Wisconsin crimes. *Id.* ("[I]t is clear that appellant is not entitled to credit on his District of Columbia sentence for his period of incarceration in Maryland and that a recomputation of the parole eligibility and expiration dates of his federal sentence was appropriate."). This general rule is reflected in the United States Sentencing Guidelines § 5G1.3(a), which states: "If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after

sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment." The fact that the lodging of a federal detainer at the facility where Lee is currently serving his state sentence has an adverse effect upon his security classification and opportunity to participate in programming is entirely due to his own behavior and is not a violation of any federally protected right.

Because Lee is not entitled to habeas relief in this court, his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is **DENIED**, and the case is dismissed. A certificate of appealability is denied, as the court concludes that its decision is neither incorrect nor debatable among jurists of reason. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk is directed to enter judgment accordingly.

Lee is advised that the judgment entered by the Clerk is final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 60 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event Lee decides to appeal, he should also request that the court of appeals issue a certificate of appealability. Fed. R. App. P. 22(b).

**SO ORDERED** at Green Bay, Wisconsin this 27th day of December, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge